## Ben Flagg alias John Rainey v. The State.

### No. 3563. Decided June 19, 1907.

**1.—Theft of Mule—Want of Consent—Fraudulent Appropriation—Charge of Court.**

Upon trial for the theft of a· mule, where it appeared that defendant had a right to believe that he had the consent of the owner of the alleged property to the taking, and there was a question whether he intended at the time of the taking to appropriate the mule, the court should have charged article 861 of the Penal Code, and there was reversible error.

**2.—Same—Circumstantial Evidence—Charge of Court.**

Where upon trial for theft of a mule, the defendant admitted the taking, was found in possession of the animal, and the only question left was that of intent with which the taking was accomplished, no charge on circumstantial evidence was required.

**3.—Same—Filing of Indictment—Date of Taking.**

Upon trial for the theft of a mule it was necessary to show that the taking was prior to the filing of the prosecution.

**4.—Same—Confessions—Arrest—Warning—Charge of Court.**

Upon trial for the theft of a mule, where it did not pertinently appear by the testimony that a legal warning was not given, it was not the duty of the court to charge upon it.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. E. B. Muse.

Appeal from a conviction of the theft of a mule; penalty two years imprisonment in the penitentiary.

The opinion states the case.

*Lemmon & Lively,* for appellant.—On question of charge as to fraudulent intent under article 861, Penal Code: Morrison v. State, 17 Texas Crim. App., 34; Warren v. State, id., 207; Hernandez v. State, 20 Texas Crim. App., 151; Wilson v. State, id., 662; Guest v. State, 24 Texas Crim. App., 235; Lopez v. State, 37 Texas Crim. Rep., 649; Pace v. State, 41 Texas Crim. Rep., 203; Lewis v. State, 13 Texas Ct. Rep., 523; McMahan v. State, 16 Texas Ct. Rep., 699.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for theft of a mule, the punishment being assessed at two years confinement in the penitentiary.

The evidence is undisputed that appellant took the animal of the prosecuting witness and sold it. The prosecuting witness, however, testified that appellant and himself had an agreement by which each was permitted, without going to the trouble of personally seeing the other and ask consent, to take any property belonging to each other, and use the same; that each had the habit of going to the place of the other's residence, and without asking permission, take any property that they might desire and use the same, and that it was all right, and that each had acquiesced in the acts and conduct of the other in taking and using their property, and that under this general understanding and agreement the appellant had theretofore taken the mule he was charged with stealing, in this case, and used him for a day or two and returned him; that it was all right with the prosecuting witness. And further, that had he known when he received a telephone message from Dallas that his mule had been recovered and to come to Dallas, that it was the appellant who had the mule, he would not have bothered about it; it would have been all right with him. On re-direct examination by the State the prosecuting witness testified that his consent to take the mule only went to the extent of appellant using the mule and not to selling it. Under this evidence appellant insists the court should have charged article 861 of the Penal Code, which reads as follows: "The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete." Under this clause of the statute we have held that in order to make out a prosecution, it would devolve upon the State to prove beyond a reasonable doubt; first, that the lawful possession was acquired by means of a pretext; and, second, that the pretext was false, and furthermore, the State would be required to prove the existence of the intent to appropriate the property at the very time the possession was lawfully obtained. In this case it appears that appellant had a right to believe that he had the consent to the taking. Now, unless he intended at the time of the taking to appropriate the mule, he would not be guilty under this statute of theft. For collation of authorities see section 1490, page 593, White's Penal Code, and furthermore, McMahan v. State, 50 Texas Crim. Rep., 244, 16 Texas Ct. Rep., 699. It follows, therefore, that appellant's contention is correct, and the court should have charged aptly upon this issue presented by the evidence in this case.

We do not believe the case is one, as appellant insists, of circumstantial evidence. Appellant admits the taking; was found in pos-

session of the animal, and where this is true, the only question left for solution by the jury is the intent with which the taking is accomplished. Then the case is not one of circumstantial evidence.

The evidence in this case does not show that the taking was prior to the filing of the prosecution. We apprehend, however, that this was an oversight, since no prosecution can be instituted for a felony unless the offense is committed prior to the time the indictment is filed. The evidence in this case does not show when it was committed. On another trial we would suggest that the evidence be explicit on this matter, and eliminate any question as to when the property was taken.

Appellant further complains that the court erred in permitting C. B. James, Jas. Scott, and Thewlis to testify to the supposed admissions or confessions of the appellant while under arrest. The record on this matter shows that C. B. James, deputy sheriff, testified to a legal warning, and further testified that the other two witnesses were present when the warning was given. They state in substance they were not present, or at least did not hear the warning. This would not of itself suggest an issue as to whether the warning was given and, therefore, the court did not err. Unless upon another trial it is pertinently suggested by the testimony that a legal warning was not given, it would not be the duty of the court to charge upon it.

For the error pointed out, the judgment is reversed and the cause remanded.

<em>Reversed and remanded.</em>