ALTO WILLIAMS V. STATE.

No. 24056. May 26, 1948.
Motion for Rehearing Overruled (Without Written Opinion)
June 23, 1948.

Hon. Otis T. Dunagan, Judge Presiding.

*Nat Gentry* and *Alex Pope,* both of Tyler, for appellant.

·    *Connally McKay,* District Atttorney, and *R. S. Burruss,* County Attorney, both of Tyler, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of theft of property over the value of Fifty Dollars and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The record is before us without any bills of exception or any objections to the court's charge. The only question presented for review is the sufficiency of the evidence.

The state's evidence shows that Mrs. Lille Shoemaker, desiring to have some plumbing done, got in touch with appellant who had been engaged in the plumbing business but who did not have a license from the City of Tyler to follow the trade. Knowing this, she had him estimate the cost of the materials to do the job. Appellant told her that the materials would cost about Seventy Five Dollars and she gave him a check in that amount. She was to pay him for the labor after the work was done.

Appellant testified that he obtained the check from Mrs. Shoemaker for the purpose of buying the necessary material; that he went to Dallas and purchased the material with the view of complying with his agreement, but the City prevented him from so doing because he did not have a license to engage in such work. He sent some of the material to her home and kept some of it at his home. He further testified that he tried to get a license but failed to pass the required test; that he offered to deliver the rest of the material to her but Mrs. Shoemaker insisted that he return the money. He told her that he did not have the money; that she would have to take the material or wait until he could dispose of it.

In determining whether or not the evidence is sufficient to sustain the conviction, we must eliminate all evidence relating to his failure to do the desired work because she did not deliver the check to him in consideration of labor to be performed by him, but to purchase the necessary material. Consequently, the state was required to prove beyond a reasonable doubt that appellant obtained the check from Mrs. Shoemaker on some false pretext. A false pretext is a necessary element of the offense. See Tex. Jur., Vol. 41, page 68, Sec. 46. Although promises and representations to be performed in the future may constitute the pretext, nevertheless, they must be shown to be

false. Therefore, the burden rested on the state to prove beyond a reasonable doubt that appellant, in obtaining the check, resorted to some pretext; that said pretext was false; and that there existed an intent to appropriate the check at the time he obtained possession thereof. In this respect, the state, in our opinion, failed. See Flagg v. State, 51 Tex. Cr. R. 602 (103 S. W. 855).

Appellant testified that he went to Dallas and purchased the necessary material; that he took part of it to the home of Mrs. Shoemaker and part of it he kept at his home and this is not controverted by any fact or circumstance.

We have reached the conclusion that the evidence is insufficient to sustain the conviction for the offense of theft. See Hesbrook v. State, 194 S. W. (2d) 260.

The judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the Court.