J. B. Luster v. State.

No. 34,591.  May 16, 1962

*Collins, Langford & Pine,* by *John A. Langford,* El Paso, for appellant.

*Edwin F. Berliner,* District Attorney, *Sam W. Callan,* and *Charles A. Gary,* Assistants District Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant J. B. Luster and his co-indictees, Jimmie Earl Smith, Joe Louis Trussell and Olenn Glenn Ward, were jointly charged by indictment with the offense of felony theft.

Upon the granting of a severance, appellant was separately tried and convicted and his punishment assessed at confinement in the penitentiary for two years.

The State's proof shows that on the Sunday afternoon of March 26, 1961, the appellant and his three co-indictees came to a Yearwood Butane Co. station in the town of Fabens and told the attendant in charge they wanted some tires. The four were traveling in appellant's automobile and when they arrived, the appellant, Trussell and Ward went inside and Smith remained outside at the car. After telling the attendant they had a cattle truck out on the road with some "flats" and they needed two tires, the prosecuting witness, William A. McBirnie, and assistant manager of the station, was called and came to the station. When he arrived, one of appellant's companions told him that he needed a couple of tires because "he had a cattle truck up above Clint with some blown out tires" and "he couldn't find tires anywhere else and that the cattle had been sitting there for quite a few hours; they hadn't been fed or watered, or anything, and that they had to get them going."

After listening to their story, which was described to him as an emergency, McBirnie went to the warehouse and secured two 1000x22 Richmond truck tires of the market value of $105.11 each, and one Mohawk tube of the value of $7.91 and proceeded to sell and deliver them to appellant and his companions. In the transaction appellant and his companions used a Gulf Company Credit Card which had been issued to Lewter Feed Lots Company of Lubbock from which an invoice for the purchase was made and the name "Joe Trussell" was signed thereto by appellant. After the credit card invoice was signed, appellant and his companions left the station with the tires and tube.

The proof shows that the Gulf Credit Card used by appellant and his companions in purchasing the tires and tube had been furnished appellant's companion, Joe Trussell, while he was in the employ of the Lewter Feed Lots in Lubbock as a truck driver. On March 18, 1961, Trussell's employment with the Feed Lots had been terminated and he was told to turn the credit card in to the company. This he failed to do and after such date he no longer had permission to use the credit card.

The prosecuting witness, McBirnie, testified that when he sold the tires and tube to appellant and his companions he believed the representations made by them that they had a load of cattle out on the highway and believed that they had the right to use the credit card and had he not so believed he would not have sold the tires and tube to them.

The proof further shows that appellant and his companions were arrested in El Paso on March 27 while seated in an automobile parked in front of a house at a certain address. After their arrest the two tires and tube obtained from the injured party were recovered from the house by the officers. On March 29 appellant made and signed a written statement to Officer Rodney Vugteveen in which he admitted and described in detail how he and his companions obtained the tires and tube from the injured party by using the Gulf Credit Card and falsely representing to him that they had the truck on the road and needed some tires. In his confession appellant stated that their plan was to put the tires on the credit card and then dispose of them for money.

Appellant did not testify or offer any evidence in his behalf.

The court submitted the issue of appellant's guilt to the jury upon the State's theory of theft by false pretext and instructed the jury on the law of principals.

Appellant's sole contention on appeal is that the evidence is insufficient to sustain the conviction.

Appellant first insists that the evidence is insufficient because it does not show that he came into possession of the property by means of false representation or pretext. With such contention we do not agree. The State's testimony is undisputed that before appellant and his companions obtained the tires and tube from the injured party they falsely represented to him that they had a cattle truck with some blown out tires out on the highway, loaded with cattle. They also presented to him the Gulf credit card and by

their actions represented that they had authority to use it. In Dixon v. State, 152 Texas Cr. Rep. 504, 215 S.W. 2d 181, it was held by this Court that verbal assertions or direct representations are not required to show false pretense or representations but they may be shown by a party's acts and conduct. See also Farias v. State, 167 Texas Cr. Rep. 546, 322 S.W. 2d 281.

It is next contended that the proof merely shows an extension of credit by the injured party to the Lewter Feed Lots Company in the sale of the tires and tube to appellant and therefore does not constitute theft. While use of the credit card in the transaction did constitute an extention of credit to the Lewter Feed Lots Company, no credit was extended by the injured party to the appellant and his companions. Although credit was extended to Lewter Feed Lots, the fact remains that appellant and his companions obtained the property from the injured party by reason of the false pretext and representations made to him. Assuming that Lewter Feed Lots, to which the credit card was issued, may have been obligated to pay the credit invoice, this would not alter the fact that appellant and his companions obtained the same by false pretext. The facts proven are sufficient to support appellant's conviction for theft by false pretext. See Massey v. State, 160 Texas Cr. Rep. 49, 266 S.W. 2d 880; Walker v. State, 160 Texas Cr. Rep. 383, 271 S.W. 2d 286; Mount v. State, 167 Texas Cr. Rep. 7, 317 S.W. 2d 212; Bond v. State, 345 S.W. 2d 520, in support of the conclusion reached herein.

The judgment is affirmed.

Opinion approved by the Court.