Pasco **COLALUCA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46149.

Court of Criminal Appeals of Texas.

May 23, 1973.

Patrick A. Robertson, Dallas, for appellant.

Henry Wade, Dist. Atty. and Mike G. McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for theft of property of the value of under fifty dollars and over the value of five dollars. Punishment was assessed by the jury at eighteen months in jail and a $500 fine.

Appellant contends that the State has failed to prove that he intended to take anything of value.

In his argument under this contention, appellant urges that the record fails to show any intent on his part to swindle, cheat or defraud anyone. In order that this contention can be discussed with

greater clarity, a brief review of the evidence is necessary.

Frank Shultz and Rodney Cole testified that appellant approached them in the parking lot of a motel in Dallas and offered to sell to them two electric wristwatches at a very low price.[1] Appellant, who identified himself as a representative of a New York merchandising outlet, stated he was in the city to set up a display at Zales Jewelers and had finished his work and needed money to get back to New York. He offered Shultz and Cole the watches, which he said retailed for $150 each, for the price of $20 apiece. A tag with "150.00" written on it appeared on the watches as did "two year service." Shultz and Cole each agreed to purchase one of the watches, and Shultz wrote a check for $40 payable to cash at the request of appellant and handed appellant the check in exchange for the watches. Cole then gave Shultz a check for $20 drawn on his bank account.

A short time later after calling Zales Jewelers, Shultz and Cole examined the watches and found them to be single-jeweled, non-electric watches of low value. Shultz attempted at once to stop payment on his check, but appellant had already cashed it.

H. F. Davis, of the Dallas Police Department, testified that he was familiar with the value of the watch in question, and that it was selling for five to seven dollars in Dallas.

■ "In prosecution for theft by false pretext, burden rested on state to prove beyond reasonable doubt that defendant, in obtaining check, resorted to some pretext, that pretext was false and there existed an intent to appropriate the check at the time defendant obtained possession thereof." Williams v. State, 152 Tex.Cr.R. 233, 211 S.W.2d 951. While appellant sets forth no authorities, we must conclude that it is his argument that the State has not discharged its burden as set forth in Williams v. State, supra. In order to sustain a conviction for theft by false pretext, the State has the further burden of proving that there was reliance upon the false pretext, Womack v. State, Tex.Cr.App., 408 S.W.2d 119, but as we understand appellant's contention, he is simply urging that it is not shown that he possessed the requisite intent to sustain the conviction.

Appellant, testifying in his own behalf, denied that he represented the watch as being electric but merely stated it was a genuine "Kronatron Electra." When asked about the "150.00" tag on the watch, the record reflects that appellant testified:

"A. I just had an eighth grade education, and it doesn't look like dollars to me.

"Q. Uh huh. This doesn't mean anything. Okay, why is it in the watch? Did you just put it there to look pretty or for decoration?

"A. Well, yes, it does look attractive as a decoration. All watch companies do it. Little tags all over the place to decorate it."

Appellant testified that he lived in Houston and, when he was asked about his representation that he needed money to get back to New York, the record reflects that appellant testified:

"Q. Didn't you need money to buy a plane ticket to get back to New York?

"A. Howard Hughes needs money.

"Q. Did you need that money to get back to New York?

"A. I never said I did.

1. The prosecution in the instant case grows out of the transaction between appellant and Shultz.

"Q. Why did you tell them you needed that money to get back to New York if you didn't need it?

"A. I told them I needed money. I thought I would be like everybody else."

Thus, it can be seen that appellant's testimony did little to refute that the representations made by him in the sale of the watch were false. It is undisputed that appellant cashed the check given in payment of the watches almost immediately after the transaction. Appellant denied that he represented that the watches retailed for $150 and stated that he had sold them for as little as ten dollars.

■ We conclude that there was sufficient evidence from which the jury, as judges of the fact, could conclude that appellant, in obtaining the check, resorted to a pretext that was false, and that there was an intent to appropriate the check at the time defendant obtained possession of it.

■ Appellant contends the trial court erred in failing to charge the jury on reasonableness of the victim's belief that the watch was what appellant claimed it to be and whether the transaction was an ordinary purchase transaction. While the record shows appellant's counsel objected verbally to the charge, he did not comply with Articles 36.14 and 36.15, Vernon's Ann.C.C.P., by filing in writing his objection to the charge and, therefore, nothing is presented for review. Palafox v. State, Tex.Civ.App., 484 S.W.2d 739; Jones v. State, Tex.Cr.App., 481 S.W.2d 833; Vick v. State, Tex.Cr.App., 397 S.W.2d 229. Further, it is noted that the charge given by the court was substantially the same as that suggested in Willson's Criminal Forms, Seventh Edition, Sec. 3559. In Dennis v. State, Tex.Cr.App., 420 S.W.2d 940, this Court held that such charge was adequate in instructing the jury on the law governing theft by false pretext.

■ Appellant contends that there was a variance in the proof and the allegations of the information. The information alleged that appellant took money in the sum of $20, and appellant contends the State proved that $40 was taken. The testimony of the complaining witness refutes this contention, for although the check made out to cash and presented to appellant was in the sum of $40, the witness testified that he was reimbursed in the sum of $20 by his companion, who also purchased a watch from appellant. In Bond v. State, 171 Tex.Cr.R. 119, 345 S.W.2d 520, it was held that no variance existed where the indictment alleged the theft of $3480.00, while the proof showed that such sum was part of a check in the total sum of $17,266.29. No error is shown.

■ In his last contention, appellant urges that it was fundamental error for the State to call as a witness a person who had previously been on the venire in this case and who was not selected as a juror. No authorities are cited.

The record reflects that Joe Tunnell was called by the State as a witness and testified that he had been a member of the jury panel. A question was then asked about him having been victimized in the selling of cheap watches. An objection to this question was sustained and no further relief was requested. The witness then was asked about having been at a Holiday Inn and, apparently upon determining that he had not been to the Holiday Inn where the transaction in question occurred, no further testimony was elicited from the witness.

Clearly, appellant's contention is without merit.

The judgment is affirmed.

Opinion approved by the Court.