Elijah W. RATCLIFF, Appellant,

v.

The STATE of Texas, Appellee.

No. 47600.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Feb. 20, 1974.

———◆———

Raymon Jordan, Houston, for appellant.

Ellis A. Oualline, Jr., Dist. Atty., and William M. Hill, Asst. Dist. Atty., Conroe,

Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

Appellant was indicted for the offense of felony theft as defined in Art. 1410, Vernon's Ann.P.C., and the jury found him guilty and fixed his punishment at confinement for six years. The trial was held in Montgomery County after the Court ordered a change of venue from Polk County on its own motion following appellant's application for a change of venue.

On April 6, 1970, appellant appeared at an automobile dealer's place of business in Livingston and there negotiated with one of the partners for the purchase of a 1966 Chevrolet pickup truck. The parties agreed upon a price of $895 plus taxes and transfer charges, the total price being $923.60. Appellant then wrote a check for the full amount of the price of the vehicle payable to the dealer, and received the certificate of title and license receipts for the truck. He then drove away in the truck.

However, before completing the transaction, the dealer had his bookkeeper telephone the bank upon which the check was drawn, Chase Manhattan Bank in New York City, to determine if appellant's check was covered by funds then on deposit in the bank and would be honored on presentation. Upon being assured that funds were on deposit sufficient to cover the check, the dealer completed the transaction.

The seller deposited the check in the bank for collection in accordance with usual banking practices, but it was returned to him by his local bank within a short time thereafter with the notation that payment thereon had been stopped by the maker. The dealer made several unsuccessful attempts to secure the money or the truck from the appellant, but no civil proceedings resulted from the transaction.

Appellant testified that he had never paid the dealer anything for the truck, that he still had it and the certificate of title in his possession. As we read the testimony, he attempted to defend the charges by offering his own testimony that the truck was defective in several respects and was not worth the price agreed upon.

Appellant offered in evidence his copies of the bank records of the New York bank upon which the check was drawn and such records established that he actually had on deposit in said bank, for a substantial period before and after the date of the check, funds sufficient to cover the face of the check which he had given in payment of the truck.

Appellant presents grounds one and three together in his argument and we will consider them jointly. Ground one contends that the evidence is insufficient to sustain the conviction and, by ground three, he contends that the trial court erred in overruling his motion for an instructed verdict.

Neither party cites or refers us to a case precisely in point upon the question now under review. Appellant's cases refer to theft by false pretext by the giving of a worthless check in payment of merchandise. E. g., Dinsmore v. State, 169 Tex.Cr.R. 504, 335 S.W.2d 612 (1960). Others relate to the offense of swindling. E. g., Jones v. State, 123 Tex.Cr.R. 437, 59 S.W.2d 418 (1933). None are found to be apposite.

The State's brief, although elaborate and lengthy, likewise fails to present either case or statutory authority controlling the disposition of the grounds of error now under review.

The indictment charged theft as defined in Art. 1410, V.A.P.C., reading:

" 'Theft' is the fraudulent taking of corporeal personal property belonging to another from his possession, or from the possession of some person holding the same for him, without his consent, with intent to deprive the owner of the value

of the same, and to appropriate it to the use or benefit of the person taking."

The charge, which followed the pattern found in 5 Branch's Ann.P.C. (2d ed. 1956) § 2683.1 at 131, submitted theft by false pretext as defined in Art. 1413, V.A.P.C. The latter part of Art. 1413 reads: "[I]f the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

■ It is now well settled that a conviction of theft by false pretext can be had upon an indictment in ordinary form charging felony theft as defined in Art. 1410, V.A.P.C. Anders v. State, 171 Tex.Cr.R. 344, 350 S.W.2d 549 (1961), and authorities therein cited. And, as said in 5 Branch's, supra, § 2681, p. 127:

"The offense of theft is complete under this article [1413] when the owner of property capable of being stolen surrenders possession of it to one who had the fraudulent intent to appropriate it and did appropriate it to his own use, and the owner's consent to such fraudulent taking does not prevent the conviction of theft."

■ It was incumbent upon the State, to sustain a conviction of theft by false pretext, to prove beyond a reasonable doubt that appellant obtained possession of the pickup truck: (a) through some pretext; (b) that the pretext was false; (c) that there existed an intent on the part of appellant to appropriate the truck at the time he obtained possession thereof; and (d) he did so appropriate it to his own benefit. Williams v. State, 152 Tex.Cr.R. 233, 211 S.W.2d 951, 952 (1948). Moreover, the State had the further burden of proving there was a reliance upon the false pretext. Womack v. State, 408 S.W.2d 119, 121 (Tex.Cr.App.1967). See also, Colaluca v. State, 494 S.W.2d 885, 886 (Tex.Cr.App. 1973).

Appellant's argument that the evidence is insufficient to support the conviction is stated in this manner:

"[T]he issue is whether the defendant promised not to stop payment on the check and such promise was a false one. We submit that no such proof beyond a reasonable doubt was presented in the instant case. There was no proof of any verbal acts on [the] part of the defendant; no proof of a promise. And if an inference is to be made that there was a promise, there is no proof that the promise was false."

Regrettably, appellant refrains from citation of authority supporting the contention so advanced.

The general rule is announced in Dixon v. State, 152 Tex.Cr.R. 504, 215 S.W.2d 181, 182 (1948):

"Verbal assertions or direct representation are not required to show a false pretense or representation. Such may be shown by the conduct and acts of the party". (citations omitted)

Accord: Westover v. State, 167 Tex.Cr.R. 589, 322 S.W.2d 279, 280 (1959); Luster v. State, 172 Tex.Cr.R. 319, 356 S.W.2d 934, 935 (1962); Hogan v. State, 393 S.W. 2d 898, 901 (Tex.Cr.App.1965).

In his own testimony, appellant admitted obtaining title to and possession of the truck, his issuance of the check in payment therefor, that he requested the drawee bank to stop payment thereon, his refusal to return the truck or to release the stop payment order on the check, his refusal to pay the face of the check in cash, his present possession of the truck, and the fact that he had not paid (in money or other thing of value) anything therefor.

■ We also note that although appellant testified in detail as to the transaction, at no time did he ever deny his intent to procure title and possession of the vehicle through the issuance of the check and then stopping payment thereon. Giving due consideration to all of the facts enumerated

above, we find the evidence sufficient to sustain the conviction and grounds one and three are overruled. Dixon v. State, supra, and authorities following it.

We are strengthened in this conclusion when we take into consideration the fact that appellant had acquired possession of another vehicle from another dealer through the same stratagem, a matter to which we now turn.

Appellant's second ground of error complains of the admission of evidence of a similar crime. Upon cross-examination, appellant was asked:

"Q. Did you ever buy another vehicle from any other person and stop payment on the check that you gave in payment for it?

"A. No.

"Q. You may not have understood my question. I'll rephrase it. Did you buy a vehicle from Mr. Hunter in Lufkin and give him a check for the vehicle and then stop payment on that check?

"A. No."

After appellant rested his case, the State called R. A. Hunter, an automobile dealer from Lufkin, and established that in April, 1971 (a year after the transaction here involved), he sold a 1972 Vega to appellant, receiving his check drawn upon a Chicago bank in the amount of $500 in part payment therefor. This check was returned shortly after it was deposited with the notation "Payment Stopped"; that he was unable to locate either appellant or the vehicle for a long time thereafter; and, when finally found, the vehicle had been wrecked and that appellant had never paid him therefor.

The State offered this testimony for the limited purpose of showing intent at the time appellant obtained possession of the truck involved in this case. The Court so advised the jury at the time of its admission and covered the matter in detail in the charge.

Appellant's objection to the receipt of the testimony was expressed in this manner: "Objection to that. It's too remote. It's irrelevant. No predicate has been laid to establish the relevancy of it."

Appellant cites only Jones v. State, as authority; but there is no volume listed for the particular "Jones" case which he has in mind and we are not disposed to read the hundreds of Jones cases listed in Volume 40 of the Texas Digest table of cases which bear the same title in an effort to locate the one cited.

Our record discloses that the trial court had before him at the time the testimony was admitted the opinion in O'Brien v. State, 376 S.W.2d 833, 836 (Tex.Cr.App. 1964). There, quoting from an earlier case, the Court said:

" 'When an extraneous crime, or other transaction, tends to show intent when intent is in issue, proof of same is admissible.' "

In 1 Branch's Ann.P.C. (2d ed. 1956) § 188, p. 200, many cases are cited supporting the rule stated above. The rule so enunciated is still valid. See, e. g., Blankenship v. State, 448 S.W.2d 476, 480 (Tex. Cr.App.1969).

Indeed, it appears that the testimony was admissible for still another reason: it controverted the defensive theory of lack of intent which found support only in his own testimony. Cf. Frison v. State, 473 S.W.2d 479, 483 (Tex.Cr.App.1971). Ground two is overruled.

In his fourth ground of error, appellant contends that the trial court erred in refusing one of his requested charges, reproduced in the margin.[1] The only au-

1. "If you find that sufficient funds were in the account of the applicable Bank to pay the amount of the check tendered to Helton-Hodges Motor Company, and that the defective condition of the vehicle delivered to Defendant as consideration justified a request that payment of the check be stopped, then you must find the Defendant not guilty."

thority cited is Goldman v. State, 468 S.W. 2d 381 (Tex.Cr.App.1971), enunciating the well-established rule that an accused is entitled to an affirmative instruction on every defensive issue raised by the evidence, even though such issue is raised by his testimony alone. We readily acknowledge the rule so announced, but do not find it to be applicable.

The charge found in our record, to which appellant made no objection, is substantially the same charge found in 8 Texas Practice, Criminal Forms (Morrison and Blackwell, 7th ed.) § 3559, p. 564. In Dennis v. State, 420 S.W.2d 940, 942 (Tex. Cr.App.1967), the Court said:

"The charge as given in this case is substantially in the same terms as the charge which is recommended in Willson's Criminal Forms, Seventh Edition, Section 3559. Without further authority we would not be inclined to require the giving of additional charges for the jury's guidance."

See also, Colaluca v. State, supra (494 S.W. 2d at 887).

Judge Onion, speaking for the Court in Parks v. State, 437 S.W.2d 554, 557 (Tex. Cr.App.1969), cited two key numbers to Texas Digest, along with two cases supporting this statement:

"Further, it is well established that special requested charges may be properly refused where the instructions given by the court are adequate and fully protect the rights of the accused."

Moreover, appellant does not refer us to any authority supporting his major premise, that an uncommunicated unilateral subjective determination by an accused as to the value of property received in exchange for a check is a defense to theft by false pretext. We find no error in the refusal of the requested charge and ground four is overruled.

The judgment in the case at bar orders confinement in the state penitentiary for not less than two nor more than six years. This appears to be an improper application of Art. 42.09, Vernon's Ann. C.C.P., (the indeterminate sentence law) to the judgment rather than the sentence. The judgment will be reformed to comply with the jury's verdict assessing a definite penalty of six years confinement in the Texas Department of Corrections. Bradley v. State, 450 S.W.2d 847, 854 (Tex.Cr. App.1969).

As reformed, the judgment is affirmed.

Opinion approved by the Court.