William ATKINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49890.

Court of Criminal Appeals of Texas.

June 11, 1975.

David J. Nagle, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Terry Collins, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for theft under the former Code. Punishment was assessed at five years, probated.

The main contention is that the evidence is insufficient to support the conviction.

Appellant was the coordinator of the audio-visual services of the Houston Independent School District from 1965–1972. He planned and supervised the "Summer Film Festival of 1971." This was an educational program designed for disadvantaged children in the Houston area.

On April 30, 1971, appellant prepared a requisition order for twelve films. The requisition order stated that the films were to be purchased from the Educational Media Productions Company, Inc., for $1500. Educational Media Productions Company, Inc., was registered in the name of appellant's secretary, Lacomae Anderson. Both appellant and Mrs. Anderson were authorized to withdraw funds deposited in the account of Educational Media Productions Company, Inc.

Six of the films on the requisition order were in the Houston Independent School District film library. Appellant testified that he did not know the films were in the library when he prepared the requisition order on April 30, 1971. On May 26, 1971, his secretary removed the six films from the Houston Independent School District library and gave them to him for use in the Summer Film Festival. Appellant then signed a "purchase order" which stated that the six films had been received from Educational Media Productions Company, Inc. The purchase order was forwarded to the comptroller of the Houston Independent School District for payment. On July 30, 1971, a check was issued to Educational

Media Productions Company, Inc., for $1500. This check was deposited in the Educational Media Productions Company's account and the money was later transferred to appellant and Mrs. Anderson's joint savings account in the Houston School Teachers' Credit Union. Appellant testified that he supplied other films and "related materials" to the film festival and that their value exceeded $1500.

██ Under the first mode of theft under Article 1413, Vernon's Ann.P.C. (1925 Code), the State had the burden of proving that appellant obtained $50 or more from Houston Independent School District (a) through some pretext; (b) that the pretext was false; (c) that there existed an intent on the part of appellant to appropriate the money at the time he obtained possession thereof; (d) he did so appropriate it to his own benefit. See Ratcliff v. State, 504 S. W.2d 883 (Tex.Cr.App.1974). Further, the State had to prove that the injured party relied upon the false pretext.

██ Appellant admitted that he knew that six of the twelve films listed in the purchase order were taken from the Houston Independent School District film . library. He also admitted signing the purchase order and submitting it to the comptroller for payment. The $1500 payment for the film rental was deposited in appellant's account.

Assuming that appellant had furnished his own films for the schol district as he related, this does not entitle him to an acquittal as a matter of law. His conviction was for taking the $1500 on the date in question.

██ There was sufficient evidence before the jury to support the verdict. Bond v. State, 171 Tex.Cr.R. 119, 345 S.W.2d 520 (1961).

██ Appellant, in three grounds of error, contends that the court erred in not charging that the false pretext must be the inducing cause which moved the injured party to surrender the property in question, or that the offense of theft by false pretext does not lie if the school district knew or in the exercise of ordinary prudence should have known, at the time it parted with the money, that the pretext was false.

The record reflects that counsel for appellant requested a charge on false pretext as contained in Willson's Criminal Forms, 7th Ed. The court gave the instruction which included a definition of fraudulent taking. The charge required, in substance, that the jury find that the money was fraudulently obtained from the complainant with his consent by means of a false pretext before it could convict. The trial court's charge is substantially the same charge found in 8 Texas Practice, Willson's Criminal Forms, 7th Ed., Section 3559, page 564.

In Dennis v. State, 420 S.W.2d 940 (Tex.Cr.App.1967), the conviction was for theft by false pretext. Dennis objected because no charge was given that if the injured party had the means at hand of detecting that the representations were false he should be acquitted. There the Court noted:

" . . . The charge as given in this case is substantially in the same terms as the charge which is recommended in Willson's Criminal Forms, Seventh Edition, Section 3559. . . ."

The Court held that no additional instructions were required. See also, Colaluca v. State, 494 S.W.2d 885 (Tex.Cr.App.1973), and Ratcliff v. State, 504 S.W.2d 883 (Tex.Cr.App.1974).

The contentions that the court erred in refusing to give the requested charges are overruled.

██ Appellant contends that the trial court erred in refusing to allow appellant to make an opening statement prior to the presentation of the State's evidence. Article 36.01, Vernon's Ann.C.C.P., provides

that defendant's opening statement shall be made after the presentation of the State's evidence. See Crew v. State, 387 S.W.2d 898 (Tex.Cr.App.1965). Appellant's counsel made an opening statement at the time provided in the statute. No error is shown.

The judgment is affirmed.