WILLIE ODELL MAYS V. STATE.

No. 30,265. January 7, 1959.
State's Motion for Rehearing Overruled February 4, 1959.

*Pete White* and *Ivan Irwin,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Frank Watts, Thomas B. Thorpe, Merle Flagg, A. D. Jim Bowie,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for murder without malice, the punishment, five years in the penitentiary.

In view of our disposition of the case a recitation of the facts is not deemed necessary other than to observe that the evidence was undisputed that appellant killed the deceased by shooting him with a gun.

The court, in his charge to the jury, submitted the issue of appellant's guilt of both murder with and without malice and appellant's defensive issues of self-defense and accident.

Appellant timely filed his motion for new trial on the ground of jury misconduct which, after a hearing, was by the court overruled.

In the motion appellant alleged that during the jury's deliberations, before a verdict was agreed upon, while discussing the amount of time the appellant would have to serve in the penitentiary in the event of a conviction, one or more jurors made the statement, in the presence of the jury, that if appellant received a sentence of 5 years in the penitentiary he would be eligible for parole and his freedom at the end of one year and three months. Appellant further alleged in the motion that such was an incorrect statement of the law and that the action on the part of the jury was of such character and nature as to deprive him of a fair and impartial trial.

The motion was supported by the affidavit of two of the jurors.

Three of the jurors who served in the case testified upon the hearing of the motion.

Juror Stennis testified that from the very beginning of the jury's deliberations no juror favored a conviction higher than murder without malice and that a majority of the jurors was for five years but that some were for less than five years.

Upon being further examined the juror testified:

"Q. Mr. Stennis, state whether or not during the deliberations it was discussed as to the length of time that Willie Odell Mays would have to serve in the penitentiary under a certain given sentence? A. I recall the statement being made, and I don't remember who made it, that the defendant would serve under a five year sentence, would have to serve only a year and three months.

"Q. And it was in your hearing and presence that the statement was made that a five year sentence could be served by Odell Mays in one year and three months? A. That was the statement I heard."

Juror Carter testified:

"Q. Now, prior to the jury reaching a verdict of five years for murder without malice in this case, tell the court whether or not one or more of the jurors stated in the presence of the rest of the jurors, that if the defendant was given a sentence of five years in the penitentiary, he would have to serve a year or year and three months or some comparable period to that, a year and six months? A. Yes, Sir. As I recall it was mentioned under a five year sentence that he would be eligible for—after a year and three months.

"Q. And what are the facts as to whether that was before the jury arrived at the verdict that they arrived at, a verdict of five years in the penitentiary? A. Yes, Sir. That's true.

Juror Johnson testified that prior to reaching a verdict "there was some discussion as to the fact that he (appellant) would be eligible for parole, as to the time, I think, it was a year and, a year and three months, but I'm not certain; I think there was some difference."

Recently in Roberson v. State, 160 Texas Cr. Rep. 281, 271

S.W. 2d 663, in passing upon the question of jury misconduct growing out of the receipt of other testimony after the jury's retirement we said:

"Our primary concern is to determine whether or not the information which was received by the jury was untrue or was harmful to the appellant."

In Price v. State, 150 Texas Cr. Rep. 161, 199 S.W. 2d 168, a juror's incorrect statement or version of the indeterminate sentence law during the jury's deliberation was held to constitute such jury misconduct as to call for a new trial. A similar incorrect statement by a juror in Spriggs v. State, 160 Texas Cr. Rep. 188, 268 S.W. 2d 191, was held to entitle the accused to a new trial.

The statement of the unidentified juror that appellant would be eligible for parole and would only have to serve a year and three months on a five year sentence was clearly a misstatement of the law. Art. 781d (Adult Probation and Parole Law of 1957) sec. 15, V.A.C.C.P. reads in part as follows: "The Board is hereby authorized to release on parole with the approval of the Governor any person confined in any penal or correctional institution in this State * * * who has served one-third (1/3) of the maximum sentence imposed * * *." Under the provisions of this statute appellant would not have been eligible for parole and release under a five year sentence until he had served a year and 8 months which was for a longer period than that stated by the juror. The testimony of the three jurors shows that the statement was made while the jury was divided on the punishment to be assessed and prior to arriving at its verdict in the case.

Under the record we are of the opinion that the incorrect statement made by the unidentified juror and the discussion by the jury constituted such misconduct that appellant has not received a fair and impartial trial.

For the reason stated the judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Judge (dissenting).

The motion for new trial alleged that during the jury's

deliberation on the punishment to be assessed, a statement was made by one or more of the jurors "that if the defendant received a sentence of five years in the penitentiary he would be eligible for parole and his freedom at the end of one year and three months."

In support of this allegation the affidavits of two jurors were attached.

The affidavit of the Juror Carter stated that during the jury's deliberation "it was mentioned by one or two jurors that the defendant would become eligible for a parole in one year and three months if given a five year sentence."

The second affidavit was that of the Juror Johnson which stated that during such deliberation "there was a discussion among the jurors as to the length of time that the defendant would have to serve in the penitentiary if given a five year sentence. This discussion involved whether he would have to serve one year, or a year and a half or some comparable time."

If there be jury misconduct which entitles appellant to a reversal of his conviction, it must be found in the allegations of his motion for new trial supported by affidavit of the jurors Carter or Johnson. I find none.

We have here simply a discussion of the commonly known fact that the punishment assessed by the jury is the maximum time he may be required to serve; that prisoners are given credit for time for good behavior and overtime work, and that a prisoner is eligible for parole after serving a certain portion of the time assessed against him.

One or more jurors mentioned a year and three months as the time in which appellant could become eligible for parole. This goes nothing like as far as the discussion in Montello v. State, 160 Texas Cr. Rep. 98, 267 S.W. 2d 557, regarding a life sentence, wherein it was said that the average served was eight years before a pardon was granted.

There is a vast difference in one becoming eligible for parole and in serving a sentence. Here there is nothing in the affidavits or testimony to suggest that any juror was led to believe that a five year sentence would be served in a year and three months.

The majority opinion points out that under Art. 781d

V.A.C.C.P. a prisoner under a five year sentence becomes eligible for parole when he has served one year and eight months.

This of course does not mean calendar time. The majority opinion overlooks credit which a prisoner is entitled to receive for overtime (Art. 6166x and 6166x-1 V.C.S.) ; for good conduct (Art. 61841 and Art. 6166v V.C.S.) ; extra meritorious conduct (Art. 6166v V.C.S.).

It is not at all unlikely that the juror who suggested that appellant could become eligible for parole in one year and three months was more correct in his calculations than those who suggested that it would take him about a year and a half to become eligible.

The trial court did not abuse his discretion in overruling the motion for new trial.