352

### EUGENE CLYDE MASSEY v. STATE

No. 32,341. November 2, 1960

Motion for Rehearing Overruled December 14, 1960

*Allan J. Showers, E. T. Burton,* and *Chambers & Lake* and *Rex Emerson,* the latter on Motion for Rehearing Only, Houston 2, for appellant.

*Dan Walton,* District Attorney, *Carl E. F. Dally, Charles C. Castles,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder without malice under Article 802c, V. A.P.C.; the punishment, two years.

The father of the deceased 10-year old boy was an employee of a filling station in Houston and after hours had gone to the aid of a stranded motorist, with deceased asleep in the back seat of his automobile. While he was preparing to push the stalled automobile, an automobile driven by appellant struck his automobile, moving it 49 feet; deceased was thrown from the automobile and, as a result of the collision, met his death.

Appellant did not testify or offer any evidence in his own behalf.

The prime question presented is the sufficiency of the proof

of appellant's intoxication. The witness at the scene failed to testify that appellant was intoxicated. He did state that in his opinion appellant had been drinking, but went no further.

This conviction must rest upon the testimony of Accident Investigator Frazier and Chemist McDonald. Frazier testified that he arrived upon the scene before appellant got out of his automobile, which, though damaged so one of the wheels would not turn, had traveled 120 feet from the point of impact; that he observed appellant's manner of walking and speaking, noticed that he staggered and that his speech was slurred, smelled alcohol on his breath, and expressed the opinion that appellant was intoxicated. Two hours after the accident, appellant consented to the taking of a blood specimen, and, according to McDonald, it contained .12 percent of alcohol by weight. McDonald further testified that the human system "burns up" alcohol at the rate of between .01½ and .02 percent per hour and that in his opinion at the time of the accident appellant's blood contained between .15 and .16 percent of alcohol, and that such concentration, according to standards set by the American Medical Association and the National Safety Council, indicated intoxication. This is the same type of proof which this court examined so carefully in Greiner v. State, 157 Tex. Cr. Rep. 479, 249 S.W. 2d 601, and found to be sufficient to support the conviction. We here so find.

Appellant has raised in brief and argument a number of interesting questions which we shall discuss serially.

He first contends that the court erred in refusing to order the clerk to issue subpoenaes for the members of the jury for a hearing on his motion for new trial. To his motion he attached the affidavit of one of the jurors in which he set forth alleged jury misconduct. We must examine such affidavit to determine whether or not the court erred in his ruling. We quote therefrom: "Some one or more of the jurors, made the statement to all of the other jurors that the defendant would get credit for good time and could serve his 2 year term in 1 year or less." "It was the opinion of at least one or more of the jurors that the defendant would only have to serve 1 year or less if he was given a 2 year sentence." Reliance is had upon Jackson v. State, 157 Tex. Cr. Rep. 323, 248 S. W| 2d 748. The distinction, which appellant overlooks, is that Jackson was charged with a misdemeanor and was decided prior to the enactment of Article 5118a, V.A.R.C.S., while appellant is charged with a felony and the rule expressed in Salcido v. State, 319 S. W. 2d 329, and the cases there cited should here control. The last sentence quoted above was clearly a conclusion of the affiant and would not be binding on the trial court in determining whether or not to issue the order.

Appellant next contends that the court erred in permitting the medical examiner to testify that deceased had sustained a broken neck, a crushed chest, a fractured shoulder blade and elbow, in view of his offer to stipulate that deceased met his death as the result of a collision with an automobile driven by appellant.

This is a question which has caused this court much concern, as will be seen from the following cases. In Allen v. State, 149 Tex. Cr. Rep. 672, 197 S. W. 2d 1013, in an opinion by Judge Hawkins, this court held that it was proper in a driving while intoxicated case to prove that the person collided with sustained a broken leg, broken arm and ribs, and an injury to her neck. He went further and pointed out that it was improper to prove the pain and suffering endured by the injured party.

Later, in Atkinson v. State, 157 Tex. Cr. Rep. 556, 251 S. W. 2d 401, we held that it was permissible to prove that a child involved in a collision was not expected to live.

Allen was again cited with approval in Van Ness v. State, 159 Tex. Cr. Rep. 295, 263 S. W. 2d 162, and was discussed fully in Massoletti v. State, 165 Tex. Cr. Rep. 120, 303 S. W. 2d 412. We have concluded that the case at bar is controlled by Allen and that the offer to stipulate does not take it out of the rule there expressed.

Appellant asserts that the state was permitted to impeach its own witness. This is alleged to have occurred while Morgan, a witness at the scene, was testifying. Morgan was asked if he could estimate the speed at which an automobile was traveling, and he replied that he did not think he could. The state then proceeded to attempt to qualify Morgan by asking him his experience in driving and observing motor vehicles being driven, but were never able to qualify him, and the witness did not express an opinion as to the speed at which appellant's automobile was being driven. We do not agree that this effort on the part of the state to qualify a witness constituted impeachment. The same conclusion is reached as to the questions propounded to Morgan about appellant's intoxication. On this issue, he testified both ways, but wound up expressing the opinion that appellant had been drinking but refused to say whether or not he was intoxicated.

Ramirez v. State, 162 Tex. Cr. Rep. 109, 289 S. W. 2d 251, can have no application here because it was shown that the only

witness who was not called was outside of the state at the time of the trial.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.