**Charles Fray COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35317.**

Court of Criminal Appeals of Texas.

Feb. 13, 1963.

Rehearing Denied March 27, 1963.

Aultman & Riley, by Randell C. Riley, Fort Worth, for appellant.

Doug Crouch, Dist. Atty., John Brady, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for aggravated assault; the punishment, eighteen months in jail.

■ The statement of facts shows that it does not contain all of the evidence adduced upon the trial on the merits. Therefore the sufficiency of the evidence to support the conviction cannot be appraised. Mitcham v. State, 169 Tex.Cr.R. 152, 332 S.W.2d 714; Wheeler v. State, Tex.Cr. App., 338 S.W.2d 735.

■ Appellant insists that the trial court erred in refusing his motion for new trial because of jury misconduct.

The motion alleged that during the deliberations of the jury one of the jurors who wanted to assess the punishment at eighteen months told those who were for a lesser punishment that he knew the time appellant would get as credit for good time, and that appellant would serve nine months or one year if given eighteen months. Then, because of such information, all jurors voted for eighteen months, believing they were assessing a lesser sentence.

The state controverted the motion for new trial and an affidavit of one juror was attached.

In support of his motion the appellant called 3 jurors. Their testimony shows that after they had found the appellant guilty the foreman of the jury told them, and also showed them by figuring on some paper, that if the punishment was assessed at eighteen months then he would have to serve approximately one year. The foreman of the jury testified that at the time of this discussion some of the jurors thought one year was sufficient, while others held out for two years; and after the discussion they all agreed to assess the punishment at eighteen months in jail.

■ The information given by the foreman of the jury and the discussion by the jury of the time it would take appellant to serve eighteen months reveals no untrue or incorrect statements. It being common knowledge that an inmate receives credit under certain conditions, the juror's statements and the discussion were not prejudicial to the rights of the appellant and no error is shown. Art. 5118a, Vernon's Ann. R.C.S.; Napier v. State, 166 Tex.Cr.R. 361, 314 S.W.2d 102; Torres v. State, 169 Tex. Cr.R. 113, 331 S.W.2d 929; Massey v. State, 170 Tex.Cr.R. 352, 340 S.W.2d 291.

■ Formal Bills of Exception Nos. 3, 4 and 5 were refused by the trial court for the reasons thereon stated when presented to him for approval. Appellant did not accept the trial court's reasons for refusing to approve the bills, and no bystanders bills

were filed. The refused bills cannot be considered. Art. 760d, Vernon's Ann.C.C.P.; Beale v. State, 171 Tex.Cr.R. 319, 350 S.W.2d 207; Cook v. State, Tex.Cr.App., 356 S.W.2d 149.

The judgment is affirmed.

Opinion approved by the Court.