**E. A. BRAZIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36588.**

Court of Criminal Appeals of Texas.

March 4, 1964.

Rehearing Denied April 8, 1964.

No attorney of record on appeal, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for driving while intoxicated; the punishment, three days in jail and a fine of $50.

The state's testimony shows that on the morning in question, while Deputy Sheriffs Clark and Ingram were checking a drunken driver whom they had stopped on U. S. Highway 283 north of Quanah, in Hardeman County, the appellant approached, driving his automobile on the wrong side of the road. The officers proceeded to pursue him for some three-quarters of a mile and bring him to a halt. During the pursuit, appellant's automobile twice crossed the center stripe of the highway. Both officers testified that after they stopped appellant they could smell alcohol on his breath, that he staggered when he walked, he talked with a thick tongue, and each expressed the opinion that at such time appellant was intoxicated.

Officer James Hicks, of the Liquor Control Board, testified that he observed appellant at the jail in Quanah, following his arrest, and that at such time appellant's eyes were bloodshot and he had the smell of alcohol on his breath. He also expressed the opinion that appellant was drunk.

Testifying as a witness in his own behalf, appellant admitted driving the automobile

on the morning in question and having con- sumed three cans of beer, but denied that he was intoxicated.

The jury resolved the disputed issue of intoxication against appellant, and we find the evidence sufficient to sustain their verdict.

The record presents no informal bills of exception and there are no objections to the court's charge. No brief has been filed on behalf of appellant.

Two formal bills of exception appear in the record, which were refused by the court with his reasons noted thereon. Appellant did not accept the trial court's reasons for refusing to approve the bills and no bystanders bills have been filed.

The refused bills cannot be considered. Art. 760d, Vernon's Ann.C.C.P.; Cooper v. State, Tex.Cr.App., 365 S.W.2d 793; Holley v. State, Tex.Cr.App., 366 S.W.2d 570.

The judgment is affirmed.

Opinion approved by the Court.