James B. RAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 37030.

Court of Criminal Appeals of Texas.

June 24, 1964.

Rehearing Denied Oct. 7, 1964.

Spence, Martin & Richie, by Gene Richie, Wichita Falls, for appellant.

Stanley C. Kirk, Dist. Atty., Charles D. Butts, Asst. Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is sodomy; the punishment, two years.

In view of our disposition of this cause, a recitation of the facts will not be deemed necessary other than to observe that the defense was that of alibi and that one of the witnesses, who according to the State's testimony was present with the injured party and appellant prior to the commission of the act charged, failed to identify appellant as being the man in question. There was no testimony that appellant was placed in a lineup at the time he was identified by the boy who did identify him.

During the course of his argument, the prosecutor said:

"We were asked the question; I don't know if the jury was asked the question, or if I was asked it, Mr. Richie, you asked, 'Did they have a lineup?' We have a police report here; (displaying sheet of paper from his file) it's exactly what happened * * *."

The court refused to grant appellant's motion for a mistrial. This presents substantially the same question that was before this Court in Spriggs v. State, 160 Tex.Cr.R. 188, 268 S.W.2d 191, which was reversed because the prosecutor went outside the record in his argument.

Upon another trial, the court should respond to appellant's objections to the charge concerning extraneous offenses. Judge Lattimore in Lankford v. State, 93 Tex.Cr. R. 442, 248 S.W. 389, clearly demonstrated the necessity for the charge as requested.

For the error pointed out, the judgment is reversed and the cause is remanded.

WOODLEY, Presiding Judge (dissenting).

The remark of the attorney for the state shows on its face to have been in reply to a question propounded by counsel for the appellant: "Did they have a line up," and the jury was instructed to disregard the remark.

The record shows that the report referred to *was not exhibited to the jury so it could be read,* nor were the contents of the report made known to the jury.

The absence of any statement by the prosecutor that there was or was not a "lineup", or that the remarks and conduct of counsel injected any new and harmful fact to bolster the testimony of a state's witness, as well as the fact that the court instructed the jury not to consider the argument, distinguish this case from Spriggs v. State, 160 Tex.Cr.R. 188, 268 S.W.2d 191.

The only other claim for reversal relates to the court's charge and the omission of an instruction to the jury that they could not consider certain testimony which showed a collateral or extraneous offense unless it was established to their satisfaction beyond a reasonable doubt that the defendant had actually committed said offense.

There is no showing in the record that an exception was reserved to the overruling of appellant's objections to the charge, hence the complaint relating to the charge is not before us. Medlock v. State, Tex.Cr. App., 356 S.W.2d 312; Sheffield v. State, Tex.Cr.App., 371 S.W.2d 49; Stone v. State, 171 Tex.Cr.R. 201, 346 S.W.2d 323.