**Billy Jack McDONALD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40354.**

Court of Criminal Appeals of Texas.

May 17, 1967.

L. Alward White, Jr., Amarillo, for appellant.

Naomi Harney, County Atty., Bill R. Sherbert, Asst. County Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for misdemeanor theft; the punishment, two years in jail.

Two grounds of error are urged by appellant in his brief filed in the trial court.

In his first ground, he insists that the court erred in admitting evidence obtained as the result of an illegal search and seizure.

The evidence of which appellant complains relates to the search of his person and that of his companion, L. V. Myers, following their arrest—by two police officers of the city of Amarillo, for vagrancy. In the search, certain articles of property were found which the proof showed had been recently stolen from the complaining witness.

The question presented is whether appellant's arrest, without a warrant, for vagrancy was valid.

The facts relative to the arrest show that on the day in question Officers Bartz and Blackwell, while on patrol, received a call shortly before 4:45 p. m. from a police dispatcher that two "subjects" were walking in the 400 block of West Fifth Avenue and were carrying a lady's purse. The officers proceeded to the 500 block, where they saw appellant and a companion, Myers, walking together. They got out of the patrol car and asked appellant and Myers about "their employment." Both appellant and Myers replied that they were not employed at the time. When asked how long it had been since they were last employed, neither could give an immediate answer. Appellant said he had been working for a party in Amarillo and, when questioned about when, and what type of work, the officers were informed that he planned to go to work "in the future, the next day or so." Appellant stated that it had been "about ten days" since he had been gainfully employed but that he did not know "exactly for sure how long it had been."

As to Myers, the officers were unable to determine how long he had been in Amarillo but did ascertain that he had not been employed while in the city. The officers ascertained from talking to appellant and Myers that they had a room in one of the hotels.

Officer Blackwell testified that:

"We determined that they had no visible means of support and were not working, and arrested them for vagrancy, and searched them."

Both officers testified that when they arrested appellant and his companion for vagrancy they had no information or report of any stolen property.

This testimony is undisputed and the record does not support appellant's contention that his arrest for vagrancy was made by the officers as a pretext for the search.

Recently, in Korn v. State, Tex.Cr.App., 402 S.W.2d 730, this court held that the arrest of a defendant, without a warrant, for vagrancy was authorized by the statutes of this state. Art. 607, Vernon's Ann.P.C., Arts. 998 and 999, Vernon's Ann.Civ.St., and Art. 212, Vernon's Ann.C.C.P. of 1925, now Art. 14.01 of the 1965 Code.

 Under the facts here presented, appellant's arrest for vagrancy, without a warrant, was lawful. The ground of error is overruled.

In his second ground of error, appellant insists that the court erred in refusing to grant a new trial because of jury misconduct.

In his motion for new trial, appellant alleged, in paragraph 4, the following:

"The verdict as to the punishment to be assessed was not decided by a fair expression of the jurors in that they thought that defendant could be released in a little over a year or in 6 months or some other time less that the amount of time in jail assessed as punishment, and as a result they sentenced him to 2 years."

Attached to the motion was the affidavit of one juror and the affidavit of appellant's counsel relative to the statement of another juror who refused to sign an affidavit.

At the hearing on the motion, all six jurors testified.

From their testimony it was shown that more than one ballot was taken in reaching a verdict as to the punishment to be assessed in the case. Some of the jurors testified that there were only two ballots taken, while others testified there were three.

On the first ballot, four jurors voted for two years and two jurors voted for a lesser term. In the discussion the foreman mentioned a newspaper article which had stated that sentences were not served in full and that there was some time off for good behavior and other credits. At such time there was a general discussion to the effect

that it was "common knowledge" that prisoners get credit for good behavior. The jurors then had a general discussion relative to how long a person would have to serve if he were sentenced to two years, but no one purported to know. In the discussion it was mentioned that if appellant were given two years "he could probably get out in a little over a year for good behavior or something like that."

From the record it does not appear that any juror stated as a fact the length of time appellant would be required to serve if his punishment were assessed at two years. To the contrary, no juror purported to know the law. Such fact distinguishes the case from Mays v. State, 167 Tex.Cr.App. 339, 320 S.W.2d 13, cited by appellant, in which case there was a positive misstatement of the law made by one of the jurors.

■ It should be noted that it is common knowledge that a prisoner in jail may receive commutation of time, not to exceed one-third of the original sentence, for good conduct. Art. 5118a, Vernon's Ann.Civ.St.; Cooper v. State, Tex.Cr.App., 365 S.W.2d 793.

■ The statement by one of the jurors that the reason he voted for two years was because he thought appellant would only have to serve "about six months" is not a ground for reversal, as a juror is not permitted to explain or impeach his verdict. Bridges v. State, 166 Tex.Cr.R. 556, 316 S.W.2d 757; Lewis v. State, 169 Tex.Cr.R. 553, 336 S.W.2d 154. The ground of error is overruled.

The judgment is affirmed.

## CONCURRING OPINION

MORRISON, Judge.

While I agree to the affirmance of this conviction, my dissent in Korn v. State, supra, requires that I discuss my reasons for so agreeing.

The two officers received information from a police radio dispatch that two men, one tall and slender and the other somewhat shorter and heavier set, were seen carrying a woman's purse. Within three minutes the same officers saw two men, who fit the exact description which had been given them, one block from where they had reportedly been seen carrying a woman's purse. The two men were "the only two parties immediately visible on the street at that time", but no longer had the purse. Upon questioning, the suspects were unable to give an explanation as to their means of support and their identity, and one of them reported that he had been on a week's drunk. The officers were then, in my judgment, in possession of sufficient information to authorize their arrest on probable cause for vagrancy.