Billy **SLANKER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46878.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Rehearing Denied Feb. 27, 1974.

Ray Fargason, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty. and Ronald M. Jackson, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for sale of LSD. The jury assessed punishment at five years.

The sufficiency of the evidence is not challenged.

In two grounds of error, the appellant contends that the trial court erred in failing to submit to the jury an instruction on the defense of entrapment and that it was error not to instruct the jurors that at the completion of their deliberations they could discuss the same with the appellant's attorney.

The record does not contain any objection to the court's charge. Absent a written objection to the charge or a requested charge, nothing is presented for review. McComb v. State, Tex.Cr.App., 488 S.W.2d 105; Blanco v. State, Tex.Cr. App., 471 S.W.2d 70. We know of no requirement that the judge must instruct the jurors that they could discuss what went on during their deliberations with a defendant's attorney.

The appellant contends that the trial court erred in denying his motion for new trial because of jury misconduct and alleges that one of the jurors stated that the appellant would only "serve one year on a five-year sentence." An examination of the record reveals that the appellant's motion for new trial alleging jury misconduct is supported only by affidavit of his counsel. Ordinarily, a motion alleging that something improper transpired in the jury room must be supported by an affidavit of a juror or some other person who was in a position to know the facts. Procella v. State, Tex.Cr.App., 395 S.W.2d 637.

The appellant relies on Clark v. State, 163 Tex.Cr.R. 54, 289 S.W.2d 288, and Prince v. State, 158 Tex.Cr.R. 320, 254 S. W.2d 1006, as authority that his counsel's affidavit is sufficient because he was unable to obtain an affidavit from any member of the jury. His reliance is misplaced.

As stated in Prince, the policy of the law is to discourage "fishing expeditions" in an effort to impeach a jury verdict. It is incumbent upon the appellant to show that he is unable to secure an affidavit as well as show that reasonable grounds exist for believing that the alleged misconduct occurred.

In the present case, the alleged misconduct, if it occurred, necessarily occurred within the jury room. Appellant's sworn motion contains an affidavit by his counsel stating that he was unable to obtain an affidavit from any of the jurors. Thus, the question arises, as it did in Prince, whether or not a reading of counsel's affidavit gives the trial court notice that misconduct had occurred. The record does not support such a conclusion. The trial court could have just as logically deduced from the appellant's motion that the jurors, to whom counsel had talked, were not sure as to the exact statements which had or had not been made during their deliberations and that the jurors were merely discussing their own thought processes and consequently unable to affirmatively swear to any misconduct in the jury room. Further, it appears that they were also unable to relate the exact discussion which had taken place as to the appellant and his chance of parole.

The affidavit, omitting the formal parts, is as follows:

"That I, Ray Fargason, am the attorney representing Billy Slanker in the above styled and numbered cause; that I was employed by Billy Slanker to represent him in this cause after the jury verdict was returned on June 22, 1972.

"That I, the Affiant, obtained a list of the jurors from the District Clerk's Of-

fice of Lubbock County, Texas and was able to talk by telephone with ten of the twelve jurors in the above styled and numbered cause. I made numerous attempts to locate the remaining two jurors, Mr. Ruben A. Champion and Mrs. T. A. Glasscock, but was unable to contact either of these jurors. I did contact each of the remaining ten jurors. Eight of the jurors would not talk to me regarding their deliberations on the punishment stage of the trial. These jurors explained to me that they had not been instructed by the Judge that they were permitted to talk with anyone about their discussions or deliberations in the jury room. I asked each of these jurors to call Judge Shaver of the 140th District Court, the Judge presiding in the above styled and numbered cause, but not any of the jurors would agree to call Judge Shaver to determine if it would be permissible to talk with me.

"Two of the jurors, Mr. Audrey Vanderveer and Mr. W. C. Hoggatt, did tell me that the jury discussed parole and a drug rehabilitation program for the Defendant. I talked with Mr. Audrey Vanderveer first and he told me that the jury felt that they should give Defendant five years in the penitentiary in order to keep him in the penitentiary one year. Mr. Vanderveer told me that it was the impression of the jurors that Billy Slanker was still running with some friends who were mixed up with drugs and they wanted him on a rehabilitation program for one year. Members of the jury whom Mr. Vanderveer refused to name felt that if Billy Slanker could stay off drugs under this rehabilitation program for one year in the penitentiary that he could stay off drugs after he was released from the penitentiary. One of the jurors whom Mr. Vanderveer would not name stated that Billy Slanker would get out of prison in one year if he were sentenced to five years.

"I asked each of the jurors that I talked with if they discussed a drug re-habilitation program for the Defendant in prison and if they discussed parole. Six of the jurors that I talked with would not give me an answer to this question. Mr. W. C. Hoggatt answered 'Yes' to both of those questions. Mr. Hoggatt would not state to me the nature of the discussions.

"I asked each of the jurors, including Mr. Hoggatt and Mr. Vanderveer, if they would sign an affidavit regarding the jury's discussion of the drug rehabilitation program and the Defendant's parole. Each of the jurors refused to sign an affidavit."

■ Even if counsel's affidavit were sufficient, the allegations contained therein are conclusions of the affiant and not binding on the trial court. Counsel's affidavit contains statements not unlike those considered by this Court in Massey v. State, 170 Tex.Cr.R. 352, 340 S.W.2d 291, where the denial of an order requiring the clerk to issue subpoenas for members of the jury for a hearing on a motion for new trial was affirmed. In Massey, the motion contained an affidavit from a juror wherein he stated, "Some one or more of the jurors, made the statement to all of the other jurors that the defendant would get credit for good time and could serve his 2 year term in 1 year or less." "It was the opinion of at least one or more of the jurors that the defendant would only have to serve 1 year or less if he was given a 2 year sentence." Counsel's affidavit containing a summation of his discussion with the two jurors is basically the same as the statements in Massey. In Massey, we held that in felony cases the rule expressed in Salcido v. State, 167 Tex.Cr.R. 173, 319 S.W.2d 329, and the cases there cited should control. Salcido held that the defendant was not entitled to a new trial even if certain of the jurors had stated, during their deliberations, that the defendant would be subject to pardon, parole, and time off for good behavior and would only serve approximately 1/3 of the time to which he might be sentenced.

Further, as this Court noted in Jones v. State, Tex.Cr.App., 462 S.W.2d 578, not every misstatement of the parole law or other improper comment during jury deliberations calls for reversal. This Court has held that when such a remark, although erroneous and improper, is made by a juror who does not profess to know the law and it is not discussed further by the jurors and is not believed or relied on by any juror, the mere making of the remark does not constitute reversible error. Bertsch v. State, Tex.Cr.App., 379 S.W.2d 657, cert. denied 379 U.S. 975, 85 S.Ct. 673, 13 L.Ed.2d 566. There is no such showing in the present case. Hence, the alleged conduct, if it did occur, does not present reversible error.

Absence of a proper pleading alleging jury misconduct does not require the trial court to subpoena the jury panel. A defendant is not entitled to a fishing expedition into supposed jury misconduct. Mason v. State, Tex.Cr.App., 459 S.W.2d 855.

Appellant's contention is overruled.

No reversible error being shown, the judgment is affirmed.