Joseph Lamar McNARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–87–00408–CR.

Court of Appeals of Texas,
Dallas.

March 11, 1988.

Rehearing Denied April 15, 1988.

Gary A. Udashen, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before WHITHAM, ROWE and BAKER, JJ.

BAKER, Justice.

Appellant Joseph Lamar McNary was convicted of intentionally and knowingly

possessing more than 28 grams and less than 400 grams of a controlled substance (cocaine). *See* TEX.REV.CIV.STAT.ANN. art. 4476–15, §§ 4.04(a), 4.02(b)(3)(D) (Vernon Supp.1987). Punishment was assessed at twenty-eight (28) years' confinement. Appellant contends that the evidence is insufficient to support the conviction, that the trial court erred in denying his motions to suppress the evidence because of an illegal pretext arrest and search by the police, and that the trial court erred in denying appellant's motions to suppress the evidence because the search of the vehicle was an invalid inventory search. Because we find that the evidence is sufficient, that the appellant waived the issue of illegal pretext arrest, and that the search was a valid inventory search, we affirm the trial court's judgment.

A review of the facts of the case is appropriate before addressing appellant's points of error. On April 29, 1986, Officer D.L. Claggett, a narcotics investigator for the Dallas Police Department, received a telephone call from an informant advising her that a man, later identified as appellant, was staying at a motel located in Dallas, Texas, and was in possession of a large quantity of cocaine. The informant also described appellant's physical appearance and the car that appellant was driving. As a result of this tip, Officer Claggett conducted a computer investigation of appellant's background. Officer Claggett testified that this standard procedure was conducted to ascertain whether the identified individual had any outstanding warrants or a suspended driver's license. As a result of this investigation, she learned that appellant's driver's license had been suspended. Subsequently, Officer Claggett with five (5) other narcotics investigators and a supervisor began a surveillance at the motel where appellant was staying. Sometime thereafter, Officer Claggett observed the appellant emerge from a motel room with a woman. They entered a car and left the motel. On cross-examination, Officer Claggett admitted that while watching the motel room, she did not observe anything that would give her probable cause to secure a search warrant or an arrest warrant for appellant and his companion.

The next witness was David Barger, another of the narcotics investigators present during the surveillance at the motel. He testified that he was in a car in radio contact with the other investigators on the surveillance team. He and his partner, David McCoy, were notified by radio that appellant and his companion had left the motel room and entered the car. Barger and McCoy followed the appellant's car from the time it left the motel parking lot and constantly observed the car until it was stopped by a uniformed patrol officer. (The uniformed patrol officer had been awaiting for instructions to stop appellant on the public street so as to arrest him for driving with a suspended driver's license). Barger testified that appellant was driving the car and both he and the woman, identified as Daphne Rene George, were still in the car when he and McCoy arrived. Barger testified that George was unable to produce a valid Texas driver's license at the time of this stop. Barger and the other officers made a cursory search of the car at the scene and made an inventory search at the Dallas Police Headquarters. On cross-examination, Barger admitted that the surveillance of appellant was for purposes of a narcotics investigation and he did not have probable cause to get a search warrant. He also testified that the car that appellant was driving was not registered to him, but that the keys in the ignition included a key capable of unlocking the car's trunk.

Investigator Fred R. McDonald, another member of the surveillance team, testified that when appellant's car was stopped, he was placed under arrest for driving with a suspended license and that appellant's companion, Daphne George, did not have a valid Texas driver's license that would have allowed her to take the car.

The next witness for the State was Investigator Kim Sanders, another of the sur-

veillance team. Officer Sanders testified that he informed the manager there was a drug suspect in a room. The motel management indicated that they did not want appellant and his friend in the room, so Sanders called appellant's room and told him that he (Sanders) was with management and that the police were coming to talk to appellant and his companion and that it would probably be best for all, if they would check out and leave. Sanders testified that shortly following that call, appellant and a woman came out of the motel room and put "stuff" in the back seat and the trunk of the car and checked out of the motel. Sanders specifically testified that he saw both appellant and George putting items in the back seat and the trunk. On cross-examination Sanders admitted that he lacked probable cause to secure a search warrant and that the telephone call he placed to appellant's room was the way he chose to cause appellant and his companion to leave the room.

Officer Barger and McDonald were both involved in the search at the scene of the stop and at Police Headquarters. The inventory search produced a blue suitcase from the car's trunk. In the suitcase were men's and women's clothing, hair curlers, a loaded hand gun identified as a Rossi .32 caliber revolver, a container with a powdery substance identified as mannitol (a substance used as an adulterant or dilutant of controlled substances), and another container containing approximately 244 grams total weight of a powdery substance identified as cocaine and analyzed as being 92% pure. The first container and mannitol were identified as State's exhibits 1 and 1A. The second container and cocaine were identified as State's exhibits 2 and 2A. Also found in the trunk of the car was a men's type black purse containing appellant's expired driver's license, jewelry and $2,120.00 in cash. Officer McDonald testified, that at the initial search, he questioned appellant's companion about the curlers found in the blue suitcase where the mannitol and cocaine were found. McDonald testified that he assumed the curl-

ers belonged to George, but when he asked her about them appellant volunteered that they were his.

Officer Barger identified State's exhibits 1 and 1A as having been removed from the trunk of the car and he was the sponsoring witness for the admission of the mannitol and its container into evidence. Officer McDonald identified State's exhibits 2 and 2A and he was the sponsoring witness for the admission of the cocaine and its container into evidence. Officer Claggett testified that since appellant was driving with a suspended license, and Daphne George did not have a driver's license, there was no one to whom the car could have been released. She testified that, pursuant to Dallas Police Department policy, when a person is arrested in Dallas by Dallas Police Officers and there is no one to whom the car be released, it is impounded. She further testified that Dallas Police Department policy, requires all impounded cars to be inventoried, for the officers' and suspects' protection. She testified that this car was inventoried pursuant to that policy. She also testified that the car was impounded and inventoried after appellant had been placed under arrest and after it had been determined that Daphne George had no license.

We first consider appellant's second point of error wherein he contends the trial court erred in denying his motions to suppress evidence because of an illegal pretext arrest and search by the police. The record reveals that appellant filed two separate motions to suppress evidence. The first was filed on August 7, 1986, and alleged that the search of his car was an unreasonable and illegal search in violation of the Fourth Amendment of United States Constitution and Art. 1, section 9 of the Texas Constitution because it was conducted without a search warrant, without appellant's consent, and when appellant was not under a valid arrest. The second motion to suppress was filed on January 15, 1987, alleging that the search and seizure was made without a search warrant and not

based upon probable cause under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, or Art. 1, section 9 of the Texas Constitution, and Articles 18.01–18.21 of Texas Code of Criminal Procedure. Appellant further alleged that no valid exception for such a warrantless search existed. Therefore, the search and seizure was illegal. Appellant waived trial by jury and the court carried the motions to suppress along with the trial of the case on its merits. After both sides had rested and closed, the trial court overruled the motions to suppress, found appellant guilty as charged, and assessed punishment at 28 years' confinement.

Appellant asserts that the arrest and search were illegal because they were based upon a pretext arrest. Appellant relies on the recent case of *Black v. State*, 739 S.W.2d 240 (Tex.Crim.App.1987). In *Black*, the arresting officers were homicide investigators who had information that Black may have been involved in a murder. Lacking probable cause for an arrest, the officers set up a stake-out, following him until he committed traffic violations. Black was stopped and arrested, allegedly on the traffic violations, and was then questioned by the officers about the murder. Following this questioning Black confessed. The Court of Criminal Appeals held the confession inadmissible on the grounds that the arrest was a pretext because the traffic violations were used solely as a guise to question him about the murder. The court held that Black's detention was therefore, illegal. *Black v. State*, 739 S.W.2d at 245.

In the case at bar, appellant contends that each officer who testified admitted that the reason for his surveillance at the motel was appellant's alleged possession of cocaine. He contends that each admitted that the reason he was stopped for driving while his license was suspended was so they could search for cocaine. He also points out that each officer who was questioned about probable cause admitted that he did not have sufficient probable cause to obtain a search warrant for the cocaine. Therefore, he argues, the police set in motion the chain of events to cause him to leave his motel room and to drive the car so they could stop him for driving while his license was suspended and search for the suspected cocaine. Appellant argues that *Black* is directly on point, and mandates that the seizure of the cocaine was the result of an illegal pretext arrest and that the case should be reversed.

The State points out that appellant's only objections to the search were that it was without a warrant, without his consent, and while he was not under a valid arrest in violation of his federal and state constitutional rights and his state statutory rights, and was without probable cause. The State argues that these objections were insufficient to preserve appellant's claim on appeal that his arrest for driving with license suspended was an illegal pretext arrest. For this the State relies on the recently decided case of *Bennett v. State*, 742 S.W.2d 664 (Tex.Crim.App.1987). Consequently, the State argues that appellant has failed to preserve this point for review on appeal and that it has been waived. *Bennett* holds that, although the defendant contested admission of the evidence on grounds that his arrest was not supported by probable cause, he did not object to the evidence because a pretext search had occurred. Thus, the court held, Bennett's contention was not preserved for review. *Bennett*, 742 S.W.2d at 673.

It is clear in this case that the pretrial motions to suppress evidence do not allege, as a reason for the illegality of the arrest and search, that they were the product of a pretext arrest. Both motions assert lack of probable cause but do not embrace the theory of an illegal arrest and search on the grounds that the arrest was a mere pretext. When an arrest is used as a pretext, it is an illegal arrest and evidence discovered as a result of it may not be used at trial. *Black v. State*, 739 S.W. 2d at 243 [citing *United States v. Lefkowitz*, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877

(1932) ]. Texas has recognized the issue of pretext arrest at least as early as 1967. *See McDonald v. State*, 415 S.W.2d 201 (Tex.Crim.App.1967). At oral argument, appellant conceded that he could not point to anywhere in the record where the specific objection of "pretext arrest" was made. We have carefully reviewed the entire record and find that it reveals the following:

> MR. HASSE: (PROSECUTOR) ... at this time we will offer State's Exhibits 1 and 1A. (The container and mannitol).
>
> \* \* \* \* \* \*
>
> MR. PARKER: (APPELLANT'S TRIAL COUNSEL) ... we are going to object to the admissibility of this in that this was removed at the station house. If there were exigent circumstances it had ceased to exist and the officers had enough time to go get a search warrant. They didn't do that. We submit any evidence removed from the car at the station house without a warrant is inadmissible.
>
> \* \* \* \* \* \*
>
> THE COURT: Any other objections?
>
> MR. PARKER: We object on the grounds that there has been no connection between the defendant and that evidence and also on the ground that the State hasn't shown they had probable cause to arrest the defendant in the first place or that the arrest was valid. We haven't heard any testimony from any arresting officer.
>
> THE COURT: Those objections will be overruled. The evidence will be admitted.
>
> \* \* \* \* \* \*
>
> MR. HASSE: At this time we would offer State's Exhibits 2 and 2A. (The container and cocaine).
>
> MR. PARKER: We object on the grounds there's been no connection between these drugs and this defendant and still hasn't shown a valid arrest.
>
> THE COURT: Is that your objection?
>
> MR. PARKER: Yes.

> THE COURT: That will be overruled and be admitted.

It is settled that the error presented on appeal must correspond to the objection raised before the trial court. *Nelson v. State*, 607 S.W.2d 554, 555 (Tex.Crim.App. 1980). If an objection at trial is not the same as urged on appeal, such argument is not properly preserved for review on appeal. *Hodge v. State*, 631 S.W.2d 754, 757 (Tex.Crim.App.1982). This record does not reflect that appellant made an objection at trial that the evidence was inadmissible because it was secured by an illegal pretext arrest. On the authority of *Bennett v. State*, we hold that appellant has failed to preserve this point for review on appeal. Point of error number two is overruled.

■ We now consider appellant's point of error number three wherein he contends that the trial court erred in denying his motions to suppress the evidence because the search of the car's trunk was not a valid inventory search. The burden of proving a proper inventory search is on the State. *Benavides v. State*, 600 S.W.2d 809 (Tex.Crim.App.1980). In *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the Supreme Court held that inventories conducted pursuant to standard police procedure are reasonable. The purpose of an inventory is to protect the owner's property while it remains in police custody, to protect the police against claims or disputes over lost or stolen property, and to protect the police from potential dangers. *See Kelley v. State*, 677 S.W. 2d 34, 37 (Tex.Crim.App.1984). Officer Claggett testified that it is standard procedure to inventory a car's contents when a person is placed under arrest and there is no one to whom a car can be released. One of the instances in which an automobile may be validly impounded and inventoried is where "the driver is removed from his automobile and placed under custodial arrest and no other alternatives are available other than impoundment to insure the protection of the vehicle." *Benavides*, 600 S.W.2d at 811; *Evers v. State*, 576 S.W.2d

46 (Tex.Crim.App.1978). In the instant case, after appellant was arrested, the only alternative available was to let appellant's companion take possession of the car. However, she was unable to furnish a valid driver's license so the officers appropriately refused to release the car to her. This record does not suggest that there was any other alternative available to the officers nor does appellant, in his brief, attempt to suggest that such an alternative existed. Also, the record reflects that the officers entered the trunk of appellant's car by using a key found in the ignition. It was unnecessary for the officers to force their way into the trunk. The officers properly conducted an inventory search of the car's trunk to protect against possible future claims of theft. The evidence was properly seized; therefore, the trial court did not err in overruling appellant's motions to suppress. *Williams v. State*, 621 S.W.2d 613, 615 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 908, 102 S.Ct. 1755, 72 L.Ed.2d 165 (1982); *see also Stephen v. State*, 677 S.W.2d 42, 44 (Tex.Crim.App.1984). Appellant's third point of error is overruled.

■ In his first point of error, appellant contends that the evidence is insufficient to support the conviction. When a defendant is charged with unlawful possession of a controlled substance, the State must meet at least two evidentiary requirements: the State must prove (1) that the defendant exercised care, control and management over the contraband, and (2) that the defendant knew that what he possessed was contraband. *Payne v. State*, 480 S.W.2d 732, 734 (Tex.Crim.App.1972). The defendant must, at a minimum, be aware that his conduct or the circumstances surrounding his conduct constitute possession of a controlled substance. It is not enough for the State to show that a defendant was merely present in the vicinity of a controlled substance. *See Waldon v. State*, 579 S.W.2d 499, 501 (Tex.Crim.App.1979). There must be independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it. *Reyes v. State*, 575 S.W.2d 38, 40 (Tex.Crim.App. 1979). The State must provide evidence of the "affirmative link" between a defendant and a controlled substance. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App. 1985).

On appeal, the standard for measuring the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984). This standard applies to cases involving circumstantial evidence as well as those involving direct evidence. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). In applying this standard of review to circumstantial evidence cases, the exclusion of outstanding reasonable hypothesis test is to be used. *Denby v. State*, 654 S.W.2d 457 (Tex.Crim. App.1983). That is, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of guilt of the defendant. *Autry v. State*, 626 S.W.2d 758, 761 (Tex.Crim.App.1982), *cert. denied*, 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982). Proof amounting only to a strong suspicion or mere probability is insufficient. *Schershel v. State*, 575 S.W.2d 548, 550 (Tex.Crim.App.1979). On the other hand, the rules of evidence do not require that the State must, to a moral certainty, actually exclude every hypothesis that the act may have been committed by another person, but only that the hypothesis intended is a reasonable one consistent with the facts proved and the circumstances, and a supposition that the act may have been committed by another person must not be out of harmony with the evidence. *Carlsen v. State*, 654 S.W.2d 444, 447 (Tex.Crim.App.1983). If the evidence supports an equally strong inference other than the guilt of the defendant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Freeman v.*

*State*, 654 S.W.2d 450, 456 (Tex.Crim.App. 1983).

■ In his brief, appellant relies on *Humason v. State*, 728 S.W.2d 363 (Tex.Crim. App.1987), and in oral argument cited the court to the additional case of *Baty v. State*, 734 S.W.2d 62 (Tex.App.—Dallas 1987, pet. filed). Appellant asserts that the rationale of these two cases support his position that the proof in the case at bar is insufficient to support the charge of intentionally and knowingly possessing contraband. Appellant contends that the evidence in this case is weaker than the evidence found in *Humason* and *Baty* because the cocaine in this case was found inside a suitcase in the trunk. Furthermore, in this case there was a female passenger in the car, women's clothes were found inside the suitcase where the cocaine was located, and no evidence that the car in which the cocaine was found was registered to the appellant. Appellant argues that the combination of all of these facts clearly requires a reversal and dismissal for insufficient evidence.

The evidence viewed most favorably to the verdict shows the following: appellant, when informed that the police were on the way to talk to him at the motel, promptly exited the motel room with his female companion. Appellant and the woman were observed loading "stuff" into the rear seat and trunk of the car. Appellant was observed driving the car, which after being searched disclosed the offending contraband in a blue suitcase in the trunk. The police entered the trunk by using a key found on the key ring used by appellant to operate the car. Included in the blue suitcase found in the trunk was a set of curlers that appellant voluntarily admitted belonged to him. Also found in the trunk was a black men's type purse which contained appellant's expired driver's license together with jewelry and a substantial amount of cash.

Based upon the foregoing facts, we conclude that *Humason* and *Baty* are easily distinguishable from the facts and circumstances of this case. Witnesses observed appellant loading items into the trunk of the car, thereby establishing appellant's recent access to the area where the contraband was found. Although the evidence does not reflect that appellant owned the car, he was observed loading items in its trunk and driving it immediately before his arrest. The container in which the cocaine was found also contained items which appellant voluntarily identified as belonging to him. The men's purse found in the trunk contained the appellant's expired driver's license. In this case, the affirmative links between appellant and the cocaine in the trunk of the car, when considered in combination, eliminate any reasonable hypothesis that appellant was unaware that the cocaine was in the car. Therefore, we find that any rational trier of fact could have found appellant guilty beyond a reasonable doubt of knowingly possessing a controlled substance; and therefore, we hold, under the facts of this case, that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Brooks v. State*, 529 S.W.2d 535 (Tex.Crim. App.1975); *Barnes v. State*, 504 S.W.2d 450 (Tex.Crim.App.1974). Appellant's first point of error is overruled.

The trial court's judgment is AFFIRMED.