**Paul BROXSIE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 23852.

United States Court of Appeals
Fifth Circuit.

Feb. 6, 1967.

Barry R. Nager, Orlando, Fla., for appellant.

Kendall W. Wherry, Asst. U. S. Atty., E. J. Salcines, Asst. U. S. Atty., Tampa, Fla., Edward F. Boardman, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

PER CURIAM:

Defendant was convicted of having in his possession a United States Treasury check, knowing it to have been stolen from the United States mails, in violation of 18 U.S.C.A. § 1708.

On appeal the defendant claims that the check had been obtained by an illegal search and seizure, and its admission into evidence was error.

■ The defendant and Albert Nixon were arrested on a public street for intoxication. The defendant concedes that the arrest was legal. Then, taking the view of the evidence most favorable to the government (McFarland v. United States, 5 Cir. 1960, 273 F.2d 417), the

arresting officers saw a check sticking out of the defendant's pocket which the defendant handed to the officers.

 The defendant now seems to argue that the seized check was inadmissible because it was not the object of the search. The defendant cites Harris v. United States, 1947, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. This reliance is misplaced. Harris says, in part,

"Furthermore, the objects sought for and those actually discovered were properly subject to seizure. This Court has frequently recognized the distinction between merely evidentiary materials, on the one hand, which may not be seized either under the authority of a search warrant or during the course of a search incident to arrest, and on the other hand, those objects which may validly be seized including the instrumentalities and means by which a crime is committed, *the fruits of crime such as stolen property,* weapons by which escape of the person arrested might be effected, and property the possession of which is a crime. Clearly the checks and other means and instrumentalities of the crimes charged in the warrants toward which the search was directed as well as the draft cards which were in fact seized fall within that class of objects properly subject to seizure. * * *

"Nor is it a significant consideration that the draft cards which were seized were not related to the crimes for which petitioner was arrested. * * * If entry upon the premises be authorized and the search which follows be valid, there is nothing in the Fourth Amendment which inhibits the seizure by law-enforcement agents of government property the possession of which is a crime, even though the officers are not aware that such property is on the premises when the search is initiated." 331 U.S. at 154–155, 67 S.Ct. at 1103, 91 L.Ed. at 1407–1408. [emphasis added]

The check in the present case was at least the fruit of a crime, if not contra-band, and its serendipitous discovery does not disqualify it as evidence.

We have carefully considered the remaining assignments of error urged by appellant and find that the trial court did not commit reversible error in any respect charged.

Affirmed.