**Billy Jack McDONALD, Petitioner,**

v.

**The STATE OF TEXAS, Respondent.**

Civ. A. No. 2–497.

United States District Court
N. D. Texas,
Amarillo Division.

Oct. 25, 1967.

———◆———

L. Alward White, Jr., Amarillo, Tex., for petitioner.

Crawford C. Martin, Atty. Gen. of Texas, Allo B. Crow, Jr., Asst. Atty. Gen., Austin, Tex., for respondent.

OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

This is a habeas corpus case. The petitioner, Billy Jack McDonald, is serving a two-year sentence in the Potter County, Texas jail for the offense of theft under the value of $50.00. He challenges the validity of his conviction on the ground that he was unlawfully arrested in violation of the Fourth and Fourteenth Amendments to the Constitution.

An evidentiary hearing was waived. The facts are not in dispute. They are contested by petitioner insofar as they allegedly fail to provide probable cause for his arrest.

On September 28, 1966, Mary Mann was engaged in her normal employment activities at Charlie Ball's Billiard Supply in the city of Amarillo, Texas. Shortly after 4:00 P.M. on that day, she went to the work shop in the rear of the store to fill an order. It was a warm autumn day and the front door of the store was open. Her purse was left sitting on her desk in the front of the store.

Upon returning from the work shop, Mary Mann discovered her purse was gone. Curiosity as to its disappearance delayed her calling the police for some 10 or 15 minutes. She informed the police that the purse contained slightly over $39.00 in cash in the denominations of one twenty, one ten, one five, and four one dollar bills, a carton of cigarettes, and some odds and ends.

At approximately 4:45 o'clock that afternoon, Amarillo police officers Bartz and Blackwell, on radio patrol, received a call from the police dispatcher that two subjects, one described as tall and slender and the other somewhat shorter and heavier set, had been seen walking in a westerly direction in the 400 block of West Fifth Avenue carrying a woman's purse. The officers, some 3 blocks from the dispatched location, proceeded as directed. Arriving at West Fifth Avenue, they saw two men who fit the physical description previously given walking in a westerly direction in the 500 block of that street.

They were the only persons visible to the officers. Petitioner and a companion were the "subjects". Neither was carrying a woman's purse.

The officers drove up to the two men, got out of the squad car, and began to question them. Officer Bartz testified that,

"We talked to them and asked them about their employment and what not. They stated they were not employed at the time, neither of them were. We asked them how long it had been since they had been employed. Neither of them could give us an immediate answer of the time they were last employed. * * * McDonald said that he had been working for a party here in the city and upon being questioned about when and what type of work he did, we found out that he had planned to go to work for that party in the future, the next day or so. We then placed them under arrest for vagrancy, being ablebodied with no gainful means of support. * * * He [McDonald] stated to me that it had probably been about ten days [since he had been gainfully employed] and some time after that it would be up to two weeks, and I think there was one instance where he stated he didn't know exactly for sure how long it had been."

Officer Blackwell testified that petitioner stated that he had been employed at a well service company in Odessa, Texas, "2 weeks before."

Subsequent to the arrest for vagrancy, petitioner was searched by the officers. Two dollars were found in his pockets and upon arrival at the police station approximately $37.00 was found in the lining of his coat. While booking petitioner on the vagrancy charge, officers Bartz and Blackwell were informed of the reported theft of the purse. The number and quantity of the denominations in McDonald's possession were identical to those in the purse at the time of its theft. Petitioner's companion was in possession of a carton of cigarettes at the time he, too, was arrested for vagrancy. Both officers testified that at the time of petitioner's arrest for vagrancy they had no knowledge of the theft of the purse.

Petitioner's position in this court, which he unsuccessfully presented in the Texas Court of Criminal Appeals, McDonald v. State, 415 S.W.2d 201 (1967), is that no probable cause existed for the arrest of his person for theft of the purse he was reported to have been carrying and that the vagrancy arrest was but a subterfuge for an arrest for suspicion of stealing the purse and the officer's testimony as to what was found on his person was inadmissible because the search of his person was poisoned by the illegal arrest. Petitioner's contention is not well taken.

■ When, in the course of a valid search, evidence is discovered pertaining to a crime other than that for which the accused has been arrested, such evidence is admissible in a prosecution for the crimes so discovered. Harris v. United States, 1947, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. Such a "serendipitous discovery", Broxsie v. United States, 5 Cir. 1967, 372 F.2d 481, is however to be distinguished from the discovery of evidence which evolves from a search predicated upon an arrest which is but a pretext to conduct a search. These searches have been consistently denounced by the courts. United States v. Lefkowitz, 1932, 285 U.S. 452, 52 S.Ct. 420, 76 L.Ed. 877; Taglavore v. United States, 9 Cir. 1961, 291 F.2d 262; Worthington v. United States, 6 Cir. 1948, 166 F.2d 557; Henderson v. United States, 4 Cir. 1926, 12 F.2d 528, 51 A.L.R. 420.

■ The record from the state trial proceedings does not support a finding that petitioner's arrest for vagrancy was a pretense upon which a search for another crime was predicated. Although Officer Bartz testified that the reason petitioner was questioned in the first instance was because of the police dispatch that 2 men were seen carrying a woman's purse, it cannot be seriously

contended that the officers were without legal authority to question petitioner as they did.

The application for writ of habeas corpus is denied.